ABEL J. BACON, Defendant in Error, *vs.* JOHN D. MORRISON, Plaintiff in Error.

1. *Administrator's sale—Land purchased by Judge—Report of sale, etc.*—An administrator's sale and deed of land are not rendered invalid by reason of the fact that another and distinct tract, sold at the same sale, was purchased by the probate Judge, contrary to law, and that the same report, reciting both sales, was approved by the Probate Court.

*Error to Cedar Circuit Court.*

*W. P. Johnson,* for Plaintiff in Error.

*S. H. Sherlock,* for Defendant in Error cited, Sess. Acts, 1847, p. 48, § 8 ; 1 Wagn. Stat., 1872, 98, § 34 ; Walton vs. Torrey, Harr. Ch. (Mich.) 259 ; Speck vs. Wohlein, 22 Mo., 310 ; Strouse vs. Brennan, 41 Mo., 289 ; Mitchell vs. Bliss, 47 Mo., 353 ; Goodhue vs. Berrien, 2 Sand. Ch., 630 ; Oakley vs. Aspinwall, 3 Comst., 547 ; Wilson vs. Trabb & Co., 20 Iowa, 231 ; Groesbeck vs. Seeley, 13 Mich., 329 ; Beaman vs. Whitney, 20 Maine, 413 ; Withers vs. Baird, 7 Watts, 227 ; Broom's Leg. Max. p. 85 ; 3 Chitty's Gen. Pr., 9 ; Co. Lit., 141; Paley Ag., 32 ; Beal vs. Harman, 38 Mo., 435 ; State to use of Doddson vs. Scroggs, 47 Mo., 285 ; Teakle vs. Bailey, 2 Brock, 44–51 ; Banks vs. Judah, 8 Conn., 145–157 ; Church vs. Marine Ins. Co., 1 Mason, 341 ; Barter vs. Marine Ins. Co., 2 Mason, 369 ; Copeland vs. Mercantile Ins. Co., 6 Pick., 198–204.

ADAMS, Judge, delivered the opinion of the court.

This was ejectment for forty acres of land in Cedar county, being the south-east quarter of the north-east quarter of section 36, in township 36, of range 27 west.

Both parties claim title under one James Musgrave, deceased. The plaintiff claims under a purchase at a sale made by the administrator of Musgrave, deceased, for the payment of debts, and the defendant is in possession as tenant of the heirs of said deceased.

The agreed case shows that the sale made by the administrator consisted of several distinct tracts of land, and that among the tracts sold was one bought by the judge of the Probate Court of Cedar county ; that the administrator made his re-

port of sale of all the tracts, and the report, embracing the land in dispute, and also the tract sold to the Probate Judge, was, at the proper term of the Probate Court, regularly approved by the court. But the heirs were not present or consenting to such approval.

The only objection raised to the administrator's sale and deed, under which the plaintiff claims, is that the report of sale, as approved by the Probate Court, contained the tract of land sold to the judge who approved the sale. The eighth section of the act establishing the Probate Court in Cedar county, reads as follows: "No judge of probate shall sit on the determination of any cause or proceeding in which he is interested or related to either party; such cause or proceeding shall be certified to the County Court, and said County Court shall proceed thereon as the Probate Court might have done." (See Sess. Acts, 1847, p. 41.) The only matter in which the probate judge was interested, was the tract of land purchased by himself. A report of sale is not such an entirety as not to be approved in part and rejected as to other parts. If the report contains the sales of several tracts of land to various parties, certainly some may be good and others bad. And the court might approve the good ones and reject the bad sales.

I am inclined to think the judge had no right to abdicate his own jurisdiction as to the purchases made by other parties. It was his duty to act on the sales to other parties, and approve or reject the report as to them, and so far as his own purchase was involved, he might have sent the report of such sale to be acted on by the County Court.

Whether the sale, as to himself, was void as not being properly approved, need not be passed on by us.

Certainly his approval of the sales to the other purchasers, ought not to be affected by his interest in a separate and distinct sale to himself. Under this view, the administrator's sale and deed, under which the plaintiff claims, vested the title in him.

This leads to an affirmance of the judgment, which was for the plaintiff. Judgment affirmed; the other judges concur.